**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kelly Jo Warnick,<br><br>　　　　Defendant. | No. CR-23-00543-001-TUC-JCH (EJM)<br><br>**ORDER** |

Before the Court is the government's motion (Doc. 58) and Appeal (Doc. 61) (together, "Motion") for Stay of Release and Review of Magistrate Judge's Release Order, under 18 U.S.C. § 3145(a). The Motion appeals Magistrate Judge Eric J. Markovich's order (Doc. 59) to release Defendant Kelly Jo Warnick to an inpatient treatment facility pending a disposition hearing set for September 9, 2025. Doc. 58. Defendant opposes the government's Motion. Doc. 62. For the following reasons, the Court will grant the government's Motion (Doc. 61) and revoke the Release Order (Doc. 59).[1]

## I. Background

On August 22, 2023, Defendant pleaded guilty to one count of transportation of illegal aliens for profit, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i). On November 2, 2023, the Court sentenced Defendant to a prison term of 21 months, with credit for time served, followed by supervised release for 18 months. Doc. 45.

Defendant began supervised release on October 16, 2024. Doc. 52 at 1. Two days

---

[1] The Court finds these matters appropriate for resolution without an oral hearing. Fed. R. Civ. P. 78(b).

into supervised release, Defendant admitted to using methamphetamine. *Id.* at 2. She then failed to report as instructed to the Probation Office on October 21, November 20, and December 9. *Id.* On November 22, Defendant absconded from her Residential Reentry Center (RRC) program and her whereabouts remained unknown for six months. *See* Doc. 52. During this period, Defendant was arrested in March 2025 by the Glendale, Arizona Police Department for shoplifting. *Id* at 1. Each of these alleged violations constitutes a grade C violation of the supervised release conditions. *See id.* at 1–3. Combined with Defendant's Criminal History Category V at time of sentencing, the presumptive revocation range is 7 to 13 months of imprisonment. Doc. 57 at 19.

On May 29, 2025, Defendant was arrested on this Court's warrant for violation of supervised release conditions. Doc. 49. Defendant admitted to allegations B (methamphetamine use) and C (failure to report to the Probation Office) in the Petition to Revoke Supervised Release. Doc. 55. On July 14, Judge Markovich ordered Defendant be detained and for "Probation to facilitate a treatment assessment." Doc. 61 at 2–3.

On July 30, Defendant appeared again before Judge Markovich. Doc. 59. Defendant was approved for treatment at Crossroads, Inc., an inpatient facility that specializes in treating co-occurring substance abuse and mental health issues. Doc. 62. Defense counsel alleges the treatment available in prison and at the RCC was inadequate, and that inpatient treatment at Crossroads will better address Defendant's significant substance abuse and mental health history. *Id.* at 2. Defendant's probation officer and Judge Markovich agreed with this approach, and Judge Markovich ordered Defendant transported bag and baggage for release to the treatment facility on August 7, 2025. *See id.* at 1–2 and Doc. 59.

The government objects to Defendant's release, under 18 U.S.C. § 3145(a), and filed this Motion. *See* Docs. 58–61. The government notes that, in addition to the flight incidents above, Defendant had previously absconded from Crossroads in May 2023—after one day of treatment—during the initial prosecution of this case. Doc. 61 at 2. Defendant also has an extensive history of absconding from supervised release in previous cases. *Id.* at 3 (citing Doc. 42 at 6–10) (summarizing incidents of flight in 2005, 2013, 2015, and 2021).

1 And in 2015, Defendant received a 5-year term of imprisonment for escaping from the
2 Maricopa County Jail work furlough program. *Id.* (citing Doc. 42 at 11). The government
3 seeks review of the release order and requests Defendant be detained pending her
4 disposition hearing on September 9, 2025.

**II.   Legal Standard**

A district court's review of a magistrate judge's detention order is de novo. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

A probationer awaiting revocation proceedings is procedurally analogous to a convicted defendant awaiting sentencing, and thus eligibility for release is governed by the standards set forth in 18 U.S.C. § 3143. *United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994). Under § 3143(a),

> a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . [shall] be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

Because detention is the presumption, it is the defendant's burden to show he or she will not flee or pose a danger to the community upon release pending a hearing on a violation of supervised release. Rules 32.1(a)(6) and 46(d), Fed. R. Crim. P.

**III.   Analysis**

There are no allegations that Defendant poses a danger to the community. But Defendant has an extensive history of fleeing, both during this case and in previous matters before other courts. Barely two years ago Defendant absconded from Crossroads—the same facility where she now seeks to be released. And very shortly after commencing supervised release, Defendant absconded from her RCC program, her whereabouts unknown until she was arrested six months later. Defendant undoubtedly needs to address her substance abuse and mental health issues, but the Court concludes she is a serious flight risk. Defendant has not met her burden to establish by clear and convincing evidence that there are conditions to reasonably assure Defendant will appear as required.

### IV. Order

Accordingly,

**IT IS ORDERED granting** the government's Motion (Doc. 58) and Appeal (Doc. 61), and **REVOKING** Judge Markovich's Release Order (Doc. 59). Defendant shall remain in custody pending the Final Disposition Hearing set for September 9, 2025, at 11:20 AM.

Dated this 6th day of August, 2025.

John C. Hinderaker
United States District Judge